NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ILIFE TECHNOLOGIES, INC.,**
*Plaintiff-Appellant*

**v.**

**NINTENDO OF AMERICA, INC.,**
*Defendant-Appellee*

---

2020-1477

---

Appeal from the United States District Court for the Northern District of Texas in No. 3:13-cv-04987-M, Chief Judge Barbara M.G. Lynn.

---

Decided:  January 13, 2021

---

MICHAEL CRAIG WILSON, Munck Wilson Mandala, LLP, Dallas, TX, for plaintiff-appellant.  Also represented by CHASE COBERN, SAMUEL WALLACE DUNWOODY, IV, SHAIN KHOSHBIN, WILLIAM A. MUNCK, JORDAN C. STRAUSS.

STEPHEN R. SMITH, Cooley LLP, Washington, DC, for defendant-appellee.  Also represented by SAMUEL WHITT; MATTHEW J. BRIGHAM, DENA CHEN, Palo Alto, CA.

---

Before MOORE, REYNA, and CHEN, *Circuit Judges.*

MOORE, *Circuit Judge.*

iLife Technologies, Inc., appeals a Northern District of Texas order holding that claim 1 of U.S. Patent No. 6,864,796 is directed to patent ineligible subject matter under 35 U.S.C. § 101.  We affirm.

## BACKGROUND

iLife owns the '796 patent, which is directed to a motion detection system that evaluates relative movement of a body based on both dynamic acceleration (*e.g.*, vibration, body movement) and static acceleration (*i.e.*, the position of a body relative to earth).  *See* '796 patent at Abstract; 1:62–67; 3:26–32.  Claim 1 recites:

> 1. A system within a communications device capable of evaluating movement of a body relative to an environment, said system comprising:
>
> a sensor, associable with said body, that senses dynamic and static accelerative phenomena of said body, and
>
> a processor, associated with said sensor, that processes said sensed dynamic and static accelerative phenomena as a function of at least one accelerative event characteristic to thereby determine whether said evaluated body movement is within environmental tolerance
>
> wherein said processor generates tolerance indicia in response to said determination; and
>
> wherein said communication device transmits said tolerance indicia.

iLife sued Nintendo asserting that Nintendo infringed claim 1.  Nintendo moved for summary judgment asserting that claim 1 was directed to patent ineligible subject matter.  After the court declined to decide that issue, the

parties continued to trial, agreeing not to present eligibility questions to the jury. Following a jury verdict in iLife's favor, Nintendo moved for judgment as a matter of law ("JMOL"), renewing its assertions that claim 1 was directed to ineligible subject matter. The court granted Nintendo's motion, holding that claim 1 was directed to the abstract idea of "gathering, processing, and transmitting information" and failed to recite an inventive concept. J.A. 25. iLife appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a grant of a motion for JMOL under regional circuit law. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1309 (Fed. Cir. 2009). The Fifth Circuit reviews an order granting JMOL de novo. *Hurst v. Lee Cty., Miss.*, 764 F.3d 480, 483 (5th Cir. 2014). We also review a district court's determination of patent eligibility under 35 U.S.C. § 101 de novo. *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1255 (Fed. Cir. 2014).

We apply a two-step framework for "distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014). "First, we determine whether the claims at issue are directed to" a patent-ineligible concept, such as an abstract idea. *Id.* If they are, we examine "the elements of [each] claim to determine whether it contains an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Id.* at 221 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 72, 79–80 (2012)). If the elements involve "well-understood, routine, [and] conventional activity previously engaged in by researchers in the field," *Mayo*, 566 U.S. at 73, they do not constitute an "inventive concept."

## I. *Alice* Step One

At step one, the district court held that claim 1 is directed to the abstract idea of "gathering, processing, and transmitting information." J.A. 25. We agree. Claim 1 recites a motion sensor system that evaluates and communicates the relative movement of a body using static and dynamic acceleration information collected from sensors. Failing to provide any concrete detail for performing the associated functions, however, claim 1 merely amounts to a system capable of sensing information, processing the collected information, and transmitting processed information.

We have routinely held that claims directed to gathering and processing data are directed to an abstract idea. *See Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016); *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018) (holding claims directed to the abstract idea of "selecting certain information, analyzing it using mathematical techniques, and reporting or displaying the results of the analysis"); *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014) (holding claims directed to the "abstract idea of 1) collecting data, 2) recognizing certain data within the collected data set, and 3) storing that recognized data in a memory").

iLife argues claim 1 is not directed to an abstract idea because it recites a physical system that incorporates sensors and improved techniques for using raw sensor data like the claims we held eligible in *Thales Visionix Inc. v. United States*, 850 F.3d 1343 (Fed. Cir. 2017) and *CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d 1358 (Fed. Cir. 2020). But in *Thales*, the claims recited a particular configuration of inertial sensors and a specific choice of reference frame in order to more accurately calculate position and orientation of an object on a moving platform. 850 F.3d at 1349. We held the claims were not directed to an abstract idea

because they sought to protect "only the application of physics to the unconventional configuration of sensors as disclosed." *Id.* Likewise, the claims in *CardioNet* were not abstract because they focused on a specific means or method that improved cardiac monitoring technology, improving the detection of, and allowing more reliable and immediate treatment of, atrial fibrillation and atrial flutter. 955 F.3d at 1368. In contrast, claim 1 of the '796 patent is not focused on a specific means or method to improve motion sensor systems, nor is it directed to a specific physical configuration of sensors. It merely recites a motion sensor system that evaluates movement of a body using static and dynamic acceleration information.

While we agree with the district court that these claims are directed to the abstract idea of gathering, processing and transmitting data, the district court erred to the extent that it incorporated conventionality of claim elements at step 1. *See, e.g.,* J.A. 26 ("Nothing in claim 1, understood in light of the specification, requires anything other than conventional sensors and processors performing 'conventional activit[ies] previously known to the industry.'" (quoting *Alice*, 573 U.S. at 225 (quoting *Mayo*, 566 U.S. at 73))). The conventionality of the claim elements is only considered at step two if the claims are deemed at step 1 to be directed to a patent ineligible concept, such as an abstract idea. *Alice*, 573 U.S. at 217, 225. A claim is not directed to an abstract idea simply because it uses conventional technology. This claim is, however, directed to an abstract idea because it contains nothing more than the idea of gathering processing and transmitting data.

## II. *Alice* Step Two

At step two, we "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Alice*, 573 U.S. at 217 (quoting *Mayo*, 566 U.S. at 78–79). We

have explained that this step is satisfied when the claim elements "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.'" *Content Extraction*, 776 F.3d at 1347–48 (quoting *Alice*, 573 U.S. at 225); *see also Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018) (collecting cases).

As the district court held, the elements of claim 1, considered individually and as an ordered combination, fail to recite an inventive concept. J.A. 28. Aside from the abstract idea, the claim recites only generic computer components, including a sensor, a processor, and a communication device. The specification's description of these elements confirms they are generic. *See, e.g.*, '796 patent at 2:46–50 (communication device includes "cellular phones, . . . laptops, computers, . . . and other similar types of communications equipment"); 2:64–67 (sensor broadly means "a device that senses one or more absolute values, changes in value . . . of at least the sensed accelerative phenomena"); 4:34–38 (processor means "any device, system, or part thereof that controls at least one operation"). iLife argues that configuring an acceleration-based sensor and processor to detect and distinguish body movement as a function of both dynamic and static acceleration is an inventive concept. Appellant's Br. at 53–54. But the specification clarifies sensors (*e.g.*, accelerometers) "that measure both static and dynamic acceleration [were] known." '796 patent at 2:1–2. And unlike the claims in *Thales,* claim 1 does not recite any unconventional means or method for configuring or processing that information to distinguish body movement based on dynamic and static acceleration. Therefore, we conclude that claim 1's mere call for sensing and processing static and dynamic acceleration information using generic components does not transform the nature of claim 1 into patent eligible subject matter. *See Elec. Power*, 830 F.3d at 1355; *see also BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290–91 (Fed. Cir. 2018)

("If a claim's only 'inventive concept' is the application of an abstract idea using conventional and well-understood techniques, the claim has not been transformed into a patent-eligible application of an abstract idea."). Accordingly, we hold claim 1 is directed to patent-ineligible subject matter.

## CONCLUSION

We have considered iLife's remaining arguments and find them unpersuasive. For the foregoing reasons, we conclude that claim 1 of the '796 patent is ineligible under § 101, and, therefore, we affirm.

## **AFFIRMED**